15 F.3d 1084
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 EURAM REALTY, INC., Plaintiff-Appellee,
v.
Arland Drew DUNN; Carolyn Sue Dunn, Defendants-Appellants
and
William F. Root, Defendant.
 No. 93-55833.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 10, 1993.*
Decided Dec. 23, 1993.
 
 Before: CHOY, TANG, and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This appeal arises out of a contract action by Euram Realty, Inc. ("Euram Realty") against appellants' clients Arland Drew Dunn, Carolyn Sue Dunn, and William F. Root (collectively, "Dunns"). Appellants Mahoney, Coppenrath & Jaffe and Walter G. Coppenrath, Jr. (collectively, "Coppenrath"), appeal the district court's $1,000 sanction ordered pursuant to Rule 11, Fed.R.Civ.P. The district court imposed the sanction against Coppenrath for his failure to present new facts, law, or other grounds authorizing reconsideration of a previous court order. Coppenrath contends that the district court abused its discretion in imposing the sanction against him as well as his law firm.
 
 
 3
 * Rule 11 requires the imposition of sanctions when a motion is frivolous, legally unreasonable, without factual foundation, or is brought for an improper purpose. Operating Engineers Pension Trust v. A-C Company, 859 F.2d 1336, 1344 (9th Cir.1988). "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." 859 F.2d at 1345. We review the district court's sanction under Rule 11 for abuse of discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990). The standard for determining the propriety of Rule 11 sanctions is one of objective reasonableness for determinations of frivolousness as well as of improper purpose. Woodrum v. Woodward County, Okla., 866 F.2d 1121, 1127 (9th Cir.1989). "If, judged by an objective standard, a reasonable basis for the position exists in both law and in fact at the time the position is adopted, then sanctions should not be imposed." Golden Eagle Distrib. Corp. v. Burroughs Corp., 801 F.2d 1531, 1538 (9th Cir.1986).
 
 II
 
 4
 Coppenrath first charges that the district court's order must be reversed to the extent it imposed the sanction against his law firm. The district court's order, however, does not specifically state upon whom the sanction was imposed. Rather, it merely grants Euram Realty's request for sanctions, which sought sanctions against Dunns' attorney of record. The court ordered the sanction under Rule 11, which allows sanctions to be imposed only upon the individual attorney who signs the filing in issue and not on the attorney's law firm. See Rule 11, Fed.R.Civ.P.; Pavelic & LeFlore v. Marvel Entertainment Group, 493 U.S. 120, 126-27 (1989). There is nothing in the order suggesting that the court intended to impose the sanction against Coppenrath's law firm; indeed, such a suggestion is inconsistent with the basis upon which the court relied for its holding, Rule 11 itself. Coppenrath's first contention, therefore, fails to present a justiciable controversy.
 
 III
 
 5
 Coppenrath next contends that the district court's order must be reversed because the court failed to "state which Rule 11 element or elements--reading, inquiry or purpose--justified imposition of sanctions." [Blue Brief at 19.] The district court imposed the sanction because it found that Coppenrath, in his motion to quash, failed to introduce new facts, law, or other grounds that would have authorized the court to reconsider its previous order granting Euram Realty's application for writs of attachment. Inquiry into the propriety of Coppenrath's motion to quash the writs of attachment requires a determination of whether there was an objectively reasonable basis for the motion.
 
 
 6
 The Dunns urged four contentions in their initial objection to the application for writs of attachment: (1) that Euram Realty was not entitled to an attachment based upon a claim of rescission; (2) that attachment may not be issued against them because they were not engaged in a trade, business, or profession; (3) that the amount of Euram Realty's claim was not readily ascertainable; and (4) that Euram Realty had not established the probable validity of its claim. The district court addressed these contentions in finding the probable validity of Euram Realty's rescission claim, which the court further found to be readily ascertainable at $2.6 million. Nevertheless, Coppenrath challenged the issuance of the writs, in a subsequent motion to quash, on virtually the same grounds the Dunns argued previously. Indeed, our review of the Dunns' initial objection to the writs and Coppenrath's motion to quash reveals that Coppenrath merely recharacterized the Dunns' original contentions in his motion, only with reference to the district court's alleged failure to make specific findings of fact. This recharacterization of the Dunns' original arguments had no effect on the substance of the challenges to the issuance of the writs, only the form. We find, therefore, that there was no objectively reasonable basis for Coppenrath's motion to quash. The district court did not abuse its discretion by imposing the sanction.
 
 IV
 
 7
 The last issue before us is Euram Realty's claim for damages and costs under Rule 38, Fed.R.App.P., on the basis that Coppenrath's appeal is frivolous. An appeal is considered frivolous "when the result is obvious or the appellant's arguments of error are wholly without merit." McConnell v. Crichlow, 661 F.2d 116, 118 (9th Cir.1981). Coppenrath's appeal, though denied on the merits, narrowly escapes this test of frivolity in our judgment and the request for sanctions on appeal is denied. The judgment of the district court is
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3